# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### CASE NO. 1:21-cv-00859

| | |
|---|---|
| CHRISTOPHER ALLOWAYS-RAMSEY, MARY SLOAN GILLIAM, ELIZABETH JOHNSON, HEIDI RAYHER, TERENCE STEINER, ELIZABETH WILSON and CHRISTOPHER SODERLUND, individually and for all others similarly situated, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| JANE ELIZABETH MILLEY, individually and in her official capacity, LARRY ALAN SMITH, individually and in his official capacity, PEGGY DODSON, individually and in her official capacity, WILLIAM TRIBBY, individually and in his official capacity, DIANNE MARKHAM, individually and in her official capacity, ALAN RUST, individually and in his official capacity, RICHARD GAIN, individually and in his official capacity, and the UNIVERSITY OF NORTH CAROLINA SCHOOL OF THE ARTS (FKA North Carolina School of the Arts), | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

Defendants Jane Elizabeth Milley, Larry Alan Smith, Peggy Dodson, William Tribby,

Dianne Markham, and Alan Rust ("Moving Defendants") remove this action, titled Alloways-Ramsey et al. v. Milley et al., from the Superior Court for Forsyth County, North Carolina, to the United States District Court for the Middle District of North Carolina. This Court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). In support of removal, the Moving Defendants state as follows:

## I.    INTRODUCTION.

1.    Plaintiffs filed a civil action in the Superior Court for Forsyth County, North Carolina, styled Alloways-Ramsey et al. v. Milley et al., Case No. 21-CVS-4831 ("State Court Action") on September 29, 2021.

2.    Plaintiffs served Defendant Jane Elizabeth Milley on October 15, 2021, Defendant Larry Alan Smith on October 13, 2021, Defendant Peggy Dodson on October 8, 2021, Defendant William Tribby on October 9, 2021, Defendant Dianne Markham on October 9, 2021, and Defendant Alan Rust on October 11, 2021.

3.    This Notice of Removal is being filed within thirty (30) days of each of the Moving Defendants' receipt of a copy of the initial pleading through service and is therefore timely filed under 28 U.S.C. § 1446(b).

4.    This civil action stems from a series of sexually abusive acts alleged to have been committed by faculty members at UNCSA, see, e.g., Ex. A, Compl. ¶¶ 56–59, 62, 66–67, 78–83, 87, 89–96, 99–101, 105–08, 113–20, 126–30, 134–61, and allegations that administrators at the school allowed there to develop a culture of sexual abuse and

2

exploitation of young students, see id. ¶ 52, and failed to take any steps to report, intervene, investigate, discipline, pursue criminal charges, stop the abuse and exploitation, or otherwise protect Plaintiffs, see, e.g., id. ¶¶ 60, 163, 171.

5.     Plaintiffs allege claims for negligence and negligent retention and/or supervision against all Moving Defendants in both their individual and official capacities, and for negligent infliction of emotional distress and punitive damages against the Moving Defendants and another Defendant in both their individual and official capacities. See id. ¶¶ 186–204, 214–17. In addition, Plaintiffs allege claims for intentional infliction of emotional distress and battery against that other Defendant, in both his individual and official capacities. See id. ¶¶ 205–13.

6.     Plaintiffs allege that UNCSA knew or should have known of this alleged abuse, and that it acted with deliberate indifference and failed to intervene or report this behavior. See id. ¶ 71. They allege that UNCSA should have known that its conduct would deprive Plaintiffs of their right to a sound basic education under the North Carolina Constitution, see id. ¶ 77, and that UNCSA violated Article I, § 15 and Article IX, § 2 of the North Carolina Constitution, see id. ¶¶ 218–33. Plaintiffs also seek punitive damages against UNCSA. See id. ¶¶ 234–37.

7.     The Moving Defendants contend that Plaintiffs fail to state claims upon which relief can be granted. Pursuant to 28 U.S.C. § 1446(a), the notice of removal is to contain a short and plain statement of the grounds for removal, and the Moving Defendants accordingly do not address the merits of Plaintiffs' claims herein, except

3

where relevant to the grounds for removal. The Moving Defendants will respond in detail to Plaintiffs' allegations at the appropriate time.

## II. THE MOVING DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS OF REMOVAL.

8. The United States Supreme Court has set forth the pleading standard applicable to a notice of removal:

> [A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." § 1446(a). By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure. See 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, Federal Practice and Procedure § 3733, pp. 639-641 (4th ed. 2009) ("Section 1446(a) requires only that the grounds for removal be stated in 'a short and plain statement' - terms borrowed from the pleading requirement set forth in Federal Rule of Civil Procedure 8(a)."). The legislative history of § 1446(a) is corroborative. Congress, by borrowing the familiar "short and plain statement" standard from Rule 8(a), intended to "simplify the 'pleading' requirements for removal" and to clarify that courts should "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." H. R. Rep. No. 100-889, p. 71 (1988). See also ibid. (disapproving decisions requiring "detailed pleading").

Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 87 (2014).

9. Pursuant to 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4

10.     Venue for this removal is proper in this District because the Superior Court for Forsyth County, North Carolina, is located within the Middle District of North Carolina. 28 U.S.C. § 113(b). Thus, this Court is the "district court of the United States for the district and division embracing the place where [the State Court Action] is pending." 28 U.S.C. § 1441(a).

11.     In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Moving Defendants in the State Court Action are attached as Exhibit A. Moreover, with the filing of this Notice of Removal, the Moving Defendants are paying the prescribed filing fee.

12.     The Moving Defendants certify that a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of Forsyth County, pursuant to 28 U.S.C. § 1446(d), and is being served on all Plaintiffs.

13.     "A class action may be removed to a district court of the United States" pursuant to 28 U.S.C. § 1446 "by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). The consent of all Defendants named in the Complaint is therefore not required for this removal. Nevertheless, UNCSA consents to the removal to this Court.

5

**III.    REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d)(2)(A).**

14.    The Class Action Fairness Act ("CAFA") applies to civil class actions commenced on or after February 18, 2005. See Pub. L. No. 109-2 § 9, 119 Stat. 4, 14 (2005).

15.    Under CAFA, this Court has original federal jurisdiction of any class action where (a) there are at least 100 members in the putative class; (b) there is minimal diversity among the parties, i.e., any class member is a citizen of a State different from any defendant; and (c) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of costs and fees. See Owens, 574 U.S. at 84–85; Quicken Loans Inc. v. Alig, 737 F.3d 960, 964 (4th Cir. 2013); 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(B).

**A.    Plaintiffs Allege That There Are Over 100 Members in the Putative Class.**

16.    Plaintiffs purport to bring this action

> pursuant to Rule 23 of the North Carolina Rules of Civil Procedure, on behalf of themselves individually and on behalf of all other current and former students at the University of North Carolina School of the Arts who were victims of sexual abuse and/or exploitation by members of the faculty, staff and/or administration at the University of North Carolina School of the Arts while minor students attending that school and who were students entrusted to the purported oversight, care, safety and supervision of the faculty, staff and administration at the University of North Carolina School of the Arts.

Ex. A, Compl. ¶ 172.

6

17.     Accordingly, this case is a "class action" within the meaning of CAFA because it is brought pursuant to a "State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiffs purport to seek compensatory damages, punitive damages, interest, costs, and attorneys' fees. Ex. A, Compl. ¶¶ 196, 203–04, 210, 213, 233, WHEREFORE 1–6.

18.     Plaintiffs have brought this action on behalf of themselves and a putative class of what Plaintiffs allege are "several hundred" alleged victims of sexual abuse. Id. ¶ 181. This satisfies the CAFA requirement that there be more than 100 members in the putative class. See Owens, 574 U.S. at 84–85; 28 U.S.C. § 1332(d)(5)(B).

**B.  There Is Minimal Diversity of Citizenship Between Plaintiffs and Defendants.**

19.     "Minimal diversity" exists if the citizenship of "any member of a class of plaintiffs is a citizen of a State different from any defendant." See 28 U.S.C. § 1332(d)(2)(A).

20.     Plaintiff Heidi Rayher alleges she is a citizen and resident of the State of California. See Ex. A, Compl. ¶ 2.

21.     Plaintiff Mary Sloan Gilliam alleges she is a citizen and resident of the State of South Carolina. See id. ¶ 4.

22.     Plaintiff Terence Steiner alleges he is a citizen and resident of the State of West Virginia. See id. ¶ 6.

7

23.     Plaintiff Elizabeth Johnson alleges she is a citizen and resident of the State of Florida. See id. ¶ 8.

24.     Plaintiff Elizabeth Wilson alleges she is a citizen and resident of the State of South Carolina. See id. ¶ 10.[1]

25.     Plaintiff Christopher Alloways-Ramsey alleges he is a citizen and resident of the State of Utah. See id. ¶ 12.

26.     Plaintiff Christopher Soderlund alleges he is a citizen and resident of the State of Idaho. See id. ¶ 14.

27.     Defendant Jane Elizabeth Milley is a citizen and resident of the State of Massachusetts. See also id. ¶ 19.

28.     Defendant Larry Alan Smith is a citizen and resident of the State of Connecticut. See also id. ¶ 22.

29.     Defendant Peggy Dodson is a citizen and resident of the State of North Carolina. See also id. ¶ 25.

30.     Defendant William "Bill" Tribby is a citizen and resident of the State of North Carolina. See also id. ¶ 28.

31.     Defendant Diane Markham is a citizen and resident of the State of North Carolina. See also id. ¶ 31.

---

[1] In her Statement filed in support of the Motions for Pro Hac Vice admission of Gloria Allred, Nathan Goldberg, and Renee Mochkatel, Elizabeth Wilson states that her address is Sugar Grove, North Carolina. As will be addressed below, this discrepancy with the Complaint concerning Ms. Wilson's address does not affect the basis for removal here.

8

32.     Defendant Alan Rust is a citizen and resident of the State of Massachusetts. See also id. ¶ 34.

33.     Plaintiffs allege that Defendant Richard Gain is a citizen and resident of the State of North Carolina. See id. ¶ 37.

34.     Defendant UNCSA is a constituent institution of the University of North Carolina. See N.C. Gen. Stat. § 116-1, et seq. The University of North Carolina, and its constituent institutions, are arms and alter egos of the State of North Carolina. McAdoo v. Univ. of N. Carolina at Chapel Hill, 248 F. Supp. 3d 705, 719 (M.D.N.C. 2017). As such, they are not "citizens" for purposes of diversity jurisdiction. Id.

35.     Plaintiffs have pleaded that Plaintiffs are citizens of California, South Carolina, West Virginia, Florida, Utah, and Idaho. See Ex. A, Compl. ¶¶ 2, 4, 6, 8, 10, 12, 14. The Defendants in the action are citizens of North Carolina, Massachusetts, and Connecticut. See id. ¶¶ 19, 22, 25, 28, 31, 34, 37. Under the allegations in the Complaint, no Plaintiff shares a citizenship with any Defendant named in the action. If, however, Plaintiff Elizabeth Wilson is, in fact, a citizen of North Carolina, then some Plaintiffs, but no Defendants, are citizens of California, South Carolina, West Virginia, Florida, Utah, and Idaho.

36.     Because there exists at least one Plaintiff with citizenship of a State different from that of at least one Defendant, minimal diversity of citizenship exists under 28 U.S.C. § 1332(d)(2)(A).

9

**C.** **Taking Plaintiffs' Allegations at Face Value, the Amount in Controversy Exceeds $5,000,000.**

37.     Where an initial pleading seeks a money judgment "but the State practice []
does not permit demand for a specific sum," a "notice of removal may assert the amount
in controversy[.]" 28 U.S.C. § 1446(c)(2)(A). Under Rule 8 of the North Carolina Rules
of Civil Procedure, Plaintiffs are not permitted to state a specific demand for monetary
relief in the Complaint. N.C.R. Civ. P. 8(a)(2). In light of this pleading restriction, federal
courts look to the allegations of the complaint and employ judicial experience and
common sense in evaluating whether the amount in controversy exceeds the amount in
controversy threshold. See, e.g., Quality Labels & Packaging, Inc. v. Wells Fargo Bank,
N.A., No. 1:19CV210, 2019 WL 2992219, at *2 (M.D.N.C. July 9, 2019); Costin v. Ally
Bank Corp., No. 7:13-CV-113-BO, 2013 WL 4828576, at *2 (E.D.N.C. Sept. 10, 2013).

38.     Plaintiffs' Complaint seeks to recover an amount in excess of $25,000.00,
per Plaintiff. Ex. A, Compl. ¶¶ 196, 204, 210, 213, 233.

39.     Under "§ 1446(a), a defendant's notice of removal need include only a
plausible allegation that the amount in controversy exceeds the jurisdictional threshold."
Owens, 574 U.S. at 89.

40.     In a class action, the claims of individual class members are aggregated to
determine whether the amount in controversy threshold has been met. 28 U.S.C.
§ 1332(d)(6); Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 592 (2013). These "class
members" to be aggregated include "persons (named or unnamed) who fall within the

definition of the proposed or certified class." Knowles, 568 U.S. at 592 (original emphasis); 28 U.S.C. § 1332(d)(1)(D).

41.    The Moving Defendants expressly dispute any liability to Plaintiffs for any monetary, declaratory, or equitable relief, under any claim, and reserve the right to dispute that Plaintiffs' Complaint states a claim upon which relief can be granted or otherwise presents a justiciable controversy. For the purposes of this Notice of Removal, however, the Moving Defendants allege and represent that based on the Complaint, the amount in controversy exceeds $5,000,000.00, based on the multiplication of (1) the damages, alleged to be in excess of $25,000.00, per class member, by (2) the Plaintiffs' allegations that there are "several hundred" (which must mean, at minimum, 200) members of the putative class. Punitive damages are also properly included in the amount-in-controversy calculation. See Quality Labels & Packaging, 2019 WL 2992219, at *3 (citing Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943); R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc., 23 F. App'x 141, 145 n.3 (4th Cir. 2001); Saval v. BL Ltd., 710 F.2d 1027, 1033 (4th Cir. 1983); Marchese v. JPMorgan Chase Bank, N.A., 917 F. Supp. 2d 452, 460–61 (D. Md. 2013)).

42.    The Complaint alleges that due to the alleged actions and inactions of all of the Defendants named in the Complaint, the Plaintiffs have endured and will continue to endure pain, suffering, mental anguish, and severe mental distress. Ex. A, Compl. ¶ 196, 203–204, 210, 213, 233. They also allege they have incurred and continue to incur

11

medical and other expenses, lost wages and income, and loss of earning capacity. Id. ¶ 204. The value of these extensive alleged damages is not specified in the Complaint.

43. Based on Plaintiffs' allegations in the Complaint, this Court's judicial experience and common sense both reveal that the amount in controversy in this action exceeds $5,000,000.00.

44. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) & (6) because in this class action: (a) minimal diversity exists; (b) there are over 100 members in the putative class; and (c) the amount in controversy exceeds $5,000,000 in the aggregate exclusive of interest and costs.

## IV. CONCLUSION AND PRAYER.

45. By filing this Notice of Removal, the Moving Defendants do not waive any jurisdictional or other defenses that might be available to them. In addition, the Moving Defendants expressly reserve the right to move for dismissal of some or all of Plaintiffs' claims and reserve the right to amend or supplement this Notice of Removal.

46. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the Moving Defendants remove to this Court the State Court Action. The Moving Defendants request that this Court assume jurisdiction of this case as if it had been originally filed here and that further proceedings in the State Court Action be stayed.

47. Should any question arise as to propriety of the removal of this matter, the Moving Defendants respectfully request an opportunity to conduct appropriate discovery and/or to provide briefing and oral argument as to why removal is proper.

12

WHEREFORE, Defendants Jane Elizabeth Milley, Larry Alan Smith, Peggy Dodson, William Tribby, Dianne Markham, and Alan Rust, respectfully remove this case, styled Alloways-Ramsey et al. v. Milley et al., from the Superior Court for Forsyth County, North Carolina, to the United States District Court for the Middle District of North Carolina, for trial and determination of all issues.

This the 5th day of November, 2021.

/s/ Alex J. Hagan
Alex J. Hagan
N.C. State Bar No. 19037
Thomas H. Segars
N.C. State Bar No. 29433
ELLIS & WINTERS LLP
Post Office Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
alex.hagan@elliswinters.com
tom.segars@elliswinters.com

Dixie T. Wells
N.C. State Bar No. 26816
Jeremy M. Falcone
N.C. State Bar No. 36182
ELLIS & WINTERS LLP
Post Office Box 2752
Greensboro, North Carolina 27402
Telephone: (336) 217-4197
Facsimile: (336) 217-4198
dixie.wells@elliswinters.com
jeremy.falcone@elliswinters.com

Counsel for Defendants Jane Elizabeth
Milley, Larry Alan Smith, Peggy
Dodson, William Tribby, Dianne
Markham, and Alan Rust

13

# CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the above

and foregoing was served upon all counsel of record via United States mail, postage paid,

with a courtesy copy provided by email, to counsel as addressed below:

Lisa Lanier
Donald S. Higley, II
Robert O. Jenkins
Lanier Law Group, P.A.
6518 Airport Center Drive
Greensboro, NC 27409
service@lanierlawgroup.com

Gloria Allred
Nathan Goldberg
Renee Mochkatel
Allred, Maroko & Goldberg
6300 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90048
gallred@amglaw.com
ngoldberg@amglaw.com
rmochkatel@amglaw.com

Counsel for Plaintiffs

J. Clark Fischer
P.O. Box 38
Bethania, North Carolina 27010
clarkf@randolphandfischer.com

Attorney for Defendant Richard Gain

This the 5th day of November, 2021.

 /s/ Alex J. Hagan
Alex J. Hagan

14